IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 1:24-mj-87 |
| v. ) | |
| ) | Honorable John F. Anderson |
| DONALD ZEPEDA, ) | |
| ) | Trial Date: May 21, 2024 |
| Defendant. ) | |
| _____) | |

## GOVERNMENT'S NOTICE REGARDING RULE 404(B) EVIDENCE

The Government submits this notice pursuant to Federal Rule of Evidence 404(b) ("Rule 404(b)") regarding evidence concerning Defendant Donald Zepeda's past crimes in Washington D.C., Florida, and Washington State, which were purposefully designed to draw media attention to climate change, and the Government's intention to introduce this evidence if the defense raises arguments that call into question Mr. Zepeda's motive, intent, plan, knowledge, or identity, or suggests that his obstructing traffic was an accident or mistake, outside of his control.

The Government envisions introducing this evidence only in the event Mr. Zepeda chooses to testify in his own defense. *See United States v. Albarran*, No. 86-5183, 1987 WL 38620, at *3 (4th Cir. Sept. 24, 1987) (per curiam) ("Where evidence falls within both Rule 404(b) and 608(b), Rule 404(b) takes priority.").

### STATEMENT OF FACTS

On February 13, 2024, at approximately 11:05 a.m., U.S. Park Police officers responded to a report of protestors blocking traffic on the George Washington Memorial Parkway near the Scenic Overlook at Donaldson Run, which is in the special maritime and territorial jurisdiction of the United States within the Eastern District of Virginia. When officers arrived, they saw three protestors holding signs and blocking the sole lane in which Northbound traffic could operate due

to ongoing reconstruction of the Parkway. The line of cars extended south around the bend, and the cars were trapped between the center median guardrail on the left, concrete barriers on the right, and the three protestors at the front.

Below is a screenshot from police body-worn camera video: Mr. Zepeda is the protestor standing closest to the camera, holding a sign; his co-defendant, Holliday Adams, is seated in the road behind Mr. Zepeda and she is wearing a pink jacket; and an unidentified third protestor wearing a red cap is seated in the road furthest from the officer's body camera. Additionally, an unidentified videographer is partially visible at far right and is filming the U.S. Park Police Officer's conversation with Mr. Zepeda.



The police asked Mr. Zepeda if he was aware that he is not allowed to obstruct traffic and that he could be arrested for doing so. Mr. Zepeda did not answer, but Ms. Adams and the third protestor answered the questions affirmatively several times. The police next asked Mr. Zepeda what the goal of the protest was, and Mr. Zepeda answered: "We want the President to declare a

climate emergency, but we also want to convey to the public, too, like, it's so bad, that we need to do this sort of thing." When the police asked the Defendant if he thought there was a better way to go about this than obstructing traffic on the Parkway, Mr. Zepeda answered: "We've tried a lot of things short of this. Umm. Those don't seem to have been working." When the police asked the protestors if they would move to the side of the road, Mr. Zepeda responded: "I think at least one of us is planning to stay here."

U.S. Park Police twice asked the protestors to move out of the roadway but all three remained in the road. As a result, U.S. Park Police initiated arrests. Ms. Adams was cooperative, but Mr. Zepeda's body went limp as soon as he was placed in handcuffs. Several people had to carry him out of the roadway. The protestors' roadblock lasted approximately 30 minutes.

### A. Rule 404(b) Evidence

Mr. Zepeda's past crimes span three states, but all were purposefully designed to draw media attention to climate change in the hope of influencing policymakers.

(1) On February 14, 2024, just one day after the U.S. Park Police arrested Mr. Zepeda for obstructing traffic on the Parkway, Mr. Zepeda proceeded to the National Archives in Washington D.C., where he and a coconspirator vandalized the display case of the U.S. Constitution. Their stated purpose was to get the attention of the President of the United States. The cost of cleaning up the powder exceeded $50,000, and National Archives Rotunda was closed to the public for two days. A grand jury in D.C. has indicted the defendant for felony destruction of government property, in violation of 18 U.S.C. § 1361, which carries a maximum penalty of 10 years' imprisonment and a $250,000 fine. *See United States v. Green et al*, Case No. 1:24-cr-62, ECF No. 13, Ex. 4 ("Prior to the deployment of the unknown pink powdered substance, both Zepeda

3

and Green verbally spoke aloud about Global Warming, Climate Control and the need to get President Biden's attention."). The defendant's next court date for his D.C. case is May 24, 2024.

(2) On April 18, 2023, Mr. Zepeda was convicted of Crowding, Obstructing, or Incommoding in D.C. Superior Court following a bench trial. The court sentenced Mr. Zepeda to 20 days of incarceration (suspended), a $50 fine, and six months of unsupervised probation. According to a "Declare Emergency" Instagram Post, which appeared alongside a photograph of Mr. Zepeda and defense attorney Mark Goldstone raising their fists outside the Moultrie Courthouse in D.C., the conviction pertained to Mr. Zepeda's role in blocking a D.C. roadway "(with coal!) back in January 2022."

(3) On October 13, 2022, Mr. Zepeda entered a plea of nolo contendere to a first-degree misdemeanor charge of criminal mischief ($200 to $1,000 in damage) for pouring red and black liquid—to represent blood and oil—on the steps of the Florida Capitol in Tallahassee, an act Mr. Zepeda undertook to bring attention to climate change. The Circuit Court of Leon County adjudicated the defendant guilty and sentenced him to seven days of incarceration.

(4) On or about October 4, 2021, police arrested Mr. Zepeda and two other protestors for blocking traffic on I-275 in Manatee County, Florida to bring awareness to the climate crisis. The defendant was charged with three counts: obstructing an officer without violence, failure to obey police, and unlawful assembly. The Circuit Court of Manatee County initially withheld adjudication and placed the defendant on probation, but after the defendant committed another offense, the court revoked his probation and sentenced him to time-served plus community service.

(5) On August 11, 2021, Mr. Zepeda and two other men were arrested for trespassing and refusing to leave the Freedom High School in Tampa, Florida where they were handing out climate

4

change pamphlets to students during dismissal and then sat down in front of the cars to prevent parents from picking up their children.

(6) On October 16, 2019, a jury in Skagit County, Washington convicted Mr. Zepeda of second-degree burglary, attempted criminal sabotage, and malicious mischief for breaking and entering private property and using a pair of bolt cutters to try and shut off an oil pipeline. The Skagit Superior Court sentenced the defendant to sixty days of incarceration. The defendant appealed two of his three convictions—attempted criminal sabotage and malicious mischief, on grounds that he was deprived of his right to jury unanimity when the State presented evidence of two different acts on which the jury could have convicted. In affirming Mr. Zepeda's convictions, the Court of Appeals of Washington wrote that "Zepeda . . . wished to delay the transportation of oil, bring awareness to the damaging impacts of fossil fuels, encourage others to become involved in the movement, and trigger policy changes." *State v. Zepeda*, No. 80593-2-1, 2020 WL 6708240, at *1 (Wash. Ct. App. Nov. 16, 2020).

**ARGUMENT**

Many of Mr. Zepeda's aforementioned crimes will likely be admissible during trial in the event Mr. Zepeda pursues a defense that calls into question his motive, intent, plan, knowledge, or identity or suggests that his participation in the crime was a mistake or accident. Rule 404(b) states that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Rule 404(b)(2). Where a prosecutor intends to introduce such evidence in a criminal case, the prosecutor must (1) "provide reasonable notice of any such evidence that the prosecutor

5

intends to offer"; (2) "articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose"; and (3) "do so in writing before trial."

The Government recognizes Rule 404(b) is designed to ensure defendants are not convicted simply for possessing bad character or committing prior bad acts. *See Michelson v. United States*, 335 U.S. 469, 475-76 (1948); *United States v. Queen*, 132 F.3d 991, 995 (4th Cir. 1997). Further, the Government acknowledges Rule 404(b) is designed to protect defendants from being tried for prior bad acts rather than those presently charged and to ensure defendants are confronted only with those acts alleged in the indictment rather than prior acts spanning the defendant's lifetime. *Queen*, 132 F.3d at 996. However, as the Fourth Circuit has recognized, "it is well within the district court's discretion to deem previously-excluded evidence admissible after the party seeking exclusion 'open[s] the door.'" *United States v. Young*, 916 F.3d 368, 381 (4th Cir. 2019) (citing *United States v. Blake*, 571 F.3d 331, 348 (4th Cir. 2009) (discussing admission of evidence precluded by Federal Rule of Evidence 403 after the party seeking exclusion opened the door to the admission of the evidence)).

In this case, Mr. Zepeda is charged with disorderly conduct, in violation of 36 C.F.R. § 2.34(a)(4), and interference with the orderly passage of vehicles, in violation of 36 C.F.R. § 4.2 adopting Virginia Code Section 46.2-923. During trial, if, for example, Mr. Zepeda argues in his defense that he did not intend to obstruct traffic on February 13, 2024, or that he did not know that what he was doing was a crime, then his prior arrests and convictions for obstructing traffic will be properly admissible under Rule 404(b). Some of Mr. Zepeda's prior convictions are for nearly identical crimes in which he and his fellow "Declare Emergency" climate protestors chose to block traffic with the goal of bringing awareness to their climate change agenda. Additionally, Mr.

Zepeda's stated purpose for vandalizing the U.S. Constitution just one day after his arrest on the Parkway was to get President Biden's attention, which is exactly what Mr. Zepeda told the U.S. Park Police was the goal for his protest on the Parkway. Therefore, Mr. Zepeda's prior crimes will be both relevant and admissible during trial in the event he asserts a defense attempting to negate his motive, intent, plan, knowledge, or identity.

Finally, pursuant to Rule 404(b)(3), on May 3, 2024, the Government provided notice to Mr. Zepeda of the Government's intention to offer evidence of Mr. Zepeda's past crimes and sentences during the trial, should Mr. Zepeda open the door.

## CONCLUSION

The Government provides this notice to the Court regarding the Government's intended use of Mr. Zepeda's prior crimes and to demonstrate satisfaction of the Government's written notice requirement pursuant to Federal Rule of Evidence 404(b)(2-3).

Respectfully submitted,

Jessica D. Aber
United States Attorney

By:     *//s// Alexis S. Hughes*
Alexis S. Hughes
Special Assistant United States Attorney
Philip Alito
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3924
Email: Alexis.Hughes2@usdoj.gov

Date: May 6, 2024

## CERTIFICATE OF SERVICE

I hereby certify that on May 6, 2024, I caused a copy of the foregoing memorandum to be filed with the Clerk of Court using the CM/ECF system, which will automatically generate a Notice of Electronic Filing (NEF) to all counsel of record.

By:  *//s// Alexis S. Hughes*
Alexis S. Hughes
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, VA 22314
Telephone: (703) 299-3924
Email: Alexis.Hughes2@usdoj.gov